# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH D. EISENBRAUN, an Individual, and UNITED GLOBAL SOURCING, INC., a Michigan corporation,

    Plaintiffs,

vs.

TEK MOBILE, INC., a California corporation, and HONG LIP YOW, an Individual,

    Defendants.

Case No. 18-cv-12013-VAR
Hon. Victoria A. Roberts

| | |
|---|---|
| **Thomas M. Schehr (P54391)**<br>**Andrew J. Kolozsvary (P68885)**<br>DYKEMA GOSSETT PLLC<br>Attorneys for Plaintiffs<br>400 Renaissance Center, 37th Floor<br>Detroit, MI 48243<br>(313) 568-6800 | **Kenneth L. Gross (P34734)**<br>**Jeffrey B. Linden (P58007)**<br>THAV GROSS PC<br>Attorneys for Defendants<br>30150 Telegraph Road, Ste. 444<br>Bingham Farms, MI 48025<br>Tel:  (248) 645-1700<br>Fax:  (248) 645-8205<br>Email:kengross@thavgross.com<br>Email:jlinden@thavgross.com |

# **DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

1

Defendants TEK MOBILE, INC. (hereafter "Tek" or "Tek Mobile") and HONG LIP YOW (hereafter "Yow") (Collectively hereafter referred to as "Defendants"), through their undersigned counsel, answer Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 1 of the Complaint.

2. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of the Complaint.

3. Defendants admit the allegation contained in paragraph 3 of the Complaint.

4. Defendants admit the allegation contained in paragraph 4 of the Complaint.

5. Defendants admit that the amount in controversy in this case exceeds $75,000, and that this action involves a dispute between citizens of different states. Defendants deny that this court has jurisdiction under 18 U.S.C. § 1367 as untrue but believes the court to have supplemental jurisdiction over supplemental claims under 28 U.S.C. § 1367.

6. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 6 of the Complaint.  Defendants deny that they have entered into a contract for services to be performed or materials to be furnished by Defendants in the State of Michigan as untrue. Defendants lack sufficient information or knowledge with which to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendants lack sufficient information with which to form a belief as to the truth the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that Defendant Yow owns in whole or in part at least one business in the mobile device industry. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that Yow engaged in discussions with Eisenbraun regarding the potential acquisition of the latter's membership interest in FoneGear, LLC in some form, including using legal counsel. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint as untrue as Defendants are informed and believe that substantial discussions, negotiations and conversations regarding the potential transaction occurred with persons other than Eisenbraun and that it was Eisenbraun or his agents and representatives that sought out Defendant Yow to induce Defendant to consider purchasing FoneGear.

11. Defendants admit that Yow has travelled to Michigan at times during the timeframe in which negotiations occurred concerning the potential sale of membership interests in FoneGear, LLC. Defendants deny the remaining allegations of paragraph 11 as untrue.

12. Defendants deny the allegations of paragraph 12 as untrue.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint as untrue. In further answer, Defendants state that access to financial information relevant to the transaction was extremely limited by Plaintiff Eisenbraun and his representatives and Defendants were prevented by Plaintiffs from access to actual accounting data, the target company's true books and records, SAP inventory and accounting systems, until after the closing of the transaction, after which it took months to discover that upon information and belief substantial information had never been excluded or neglected from inclusion in FoneGear, LLC's books and records that would have enabled Defendants to accurately determine its financial status.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit that Tek Mobile was represented by counsel during negotiations and drafting of the Agreement. Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms. The Agreement's terms speak for themselves and are the best evidence of what they contain.

17. Defendants deny the allegations contained in paragraph 16 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms. The Agreement's terms speak for themselves and

are the best evidence of what they contain. Defendants admit that the Agreement provided for an initial payment of $250,000 by Tek to an account designated by Eisenbraun at Closing as part of an Estimated Purchase Price. Defendants deny the remaining allegations as untrue because on information and belief the total Purchase Price is far less than the Estimated Purchase Price negating any payment obligation for additional installments in whole or in part and not in the amounts alleged in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms such that the allegation is rendered misleading and untrue. The Agreement's terms speak for themselves and are the best evidence of what they contain. Defendants deny the allegations of paragraph 18 of the Complaint to the extent that they do not accurately or completely state the provisions of the Agreement and admit the allegations to the extent that they correctly reflect the terms of the Agreement.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms such that the allegation is rendered misleading and untrue. The Agreement's terms speak for themselves and are the best evidence of what they contain. Defendants deny the allegations of paragraph 19 of the Complaint to the extent that they do not accurately or completely state the provisions of the Agreement

and admit the allegations to the extent that they correctly reflect the terms of the Agreement.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms such that the allegation is rendered misleading and untrue. The Agreement's terms speak for themselves and are the best evidence of what they contain. Defendants deny the allegations of paragraph 20 of the Complaint to the extent that they do not accurately or completely state the provisions of the Agreement and admit the allegations to the extent that they correctly reflect the terms of the Agreement.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms. The Agreement's terms speak for themselves and are the best evidence of what they contain. Defendants deny the allegations of paragraph 21 of the Complaint to the extent that they do not accurately or completely state the provisions of the Agreement and admit the allegations to the extent that they correctly reflect the terms of the Agreement. Defendants admit that once provided full and complete access to all systems and accurate and complete data for FoneGear, Inc., that Defendant Tek Mobile, Inc. is to cause certain enumerated documents and working papers to be provided to Plaintiff Eisenbraun. Defendants further answer that it has been

inhibited and prevented from doing so as a result of the actions and inactions of Plaintiff Eisenbraun.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint as untrue to the extent that the allegation is incomplete and an inaccurate statement of the Agreement's terms. The Agreement's terms speak for themselves and are the best evidence of what they contain. Defendants deny the allegations of paragraph 22 of the Complaint to the extent that they do not accurately or completely state the provisions of the Agreement and admit the allegations to the extent that they correctly reflect the terms of the Agreement. Defendants admit that Tek Mobile, Inc. would reimburse UGS for required compensation and health insurance, but not PTO or severance benefits, that were actually paid out by UGS, for certain enumerated persons who remained employed at FoneGear, LLC after March 15, 2018 through March 30, 2018, provided certain subsequent conditions were met as stated in the Agreement.

23. Defendants respond that the Agreement's terms speak for themselves and deny the allegations of paragraph 23 of the Complaint to the extent that they do not accurately state the provisions of the Agreement. Defendants admit that the Agreement states that UGS would pay all required compensation and employee-related benefits for certain enumerated employees through March 30, 2018. Defendants lack sufficient information or knowledge with which to form a belief as to the truth of the remaining allegations of paragraph 23.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint as untrue.

27. Defendants deny that they are in material breach of the Agreement. Defendants further answer that Defendant Tek Mobile, Inc., has been prevented from completing its analysis and preparation of certain financial documents due to circumstances outside of its control, and without intention by Defendants due to the post closing discovery of the failure of Plaintiff Eisenbraun, FoneGear, LLC, their agents, employees, officers and representatives to timely and properly input correct and complete information into the company books and records to enable Defendant Tek Mobile, Inc. to create such documents. Defendants further deny that Tek Mobile, Inc., has refused to provide documents or information to Plaintiff Eisenbraun.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint as untrue. No installment of $166,666.67 is or was due under the Agreement.

29. Defendants deny that FoneGear LLC's Working Capital was at least $700,000 and deny that Eisenbraun was entitled to an Adjustment Amount of an equivalent amount and a total Purchase Price of at least $1.45 Million as untrue.

Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint as untrue because Defendants are informed and believe that current liabilities of FoneGear, LLC vastly exceed the current assets of the company such that a substantial negative adjustment to the Estimated Purchase Price under the Agreement is required entitling Defendant Tek Mobile, Inc., to a substantial refund of all or a portion of its initial $250,000 payment toward the Estimated Purchase Price, or even additional funds from Plaintiff Eisenbraun.

31. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

## COUNT I
## BREACH OF CONTRACT AGAINST TEK AND YOW

32. Defendants incorporate the responses contained above in paragraphs 1-31 as though fully set forth herein.

33. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint as untrue.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint as untrue.

WHEREFORE Defendants request that this Honorable Court deny Plaintiffs any and all relief requested, enter Judgment against Plaintiffs and in favor of Defendants, including set offs against any claims by Plaintiffs for downward adjustments and/or refund of funds paid by Defendant Tek Mobile, Inc., order an accounting by Plaintiffs of the true current assets and current liabilities of FoneGear, LLC as of the Calculation Time, and award Defendants damages in an amount equal to the amount of downward adjustment of the Estimated Purchase Price greater than $500,000, and any and all court costs, expenses and attorneys' fees as may be allowable under the Agreement and applicable laws, and such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF PERSONAL GUARANTY AGAINST YOW

38. Defendants incorporate the responses contained above in paragraphs 1-37 as though fully set forth herein.

39. Defendants admit the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint as untrue.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint as untrue.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint as untrue.

WHEREFORE Defendants request that this Honorable Court deny Plaintiffs any and all relief requested, enter Judgment against Plaintiffs and in favor of Defendants, including set offs against any claims by Plaintiffs for downward adjustments and/or refund of funds paid by Defendant Tek Mobile, Inc., order an accounting by Plaintiffs of the true current assets and current liabilities of FoneGear, LLC as of the Calculation Time, award Defendants damages in an amount equal to the amount of downward adjustment of the Estimated Purchase Price greater than $500,000, and any and all court costs, expenses and attorneys' fees as may be allowable under the Agreement and applicable laws, and such other relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT AGAINST TEK AND YOW

43. Defendants incorporate the responses contained above in paragraphs 1-42 as though fully set forth herein.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint as untrue.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint as untrue.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint as untrue.

WHEREFORE Defendants request that this Honorable Court deny Plaintiffs any and all relief requested, enter Judgment against Plaintiffs and in favor of Defendants, including set offs against any claims by Plaintiffs for downward adjustments and/or refund of funds paid by Defendant Tek Mobile, Inc., order an accounting by Plaintiffs of the true current assets and current liabilities of FoneGear, LLC as of the Calculation Time, award Defendants damages in an amount equal to the amount of downward adjustment of the Estimated Purchase Price greater than $500,000, and any and all court costs, expenses and attorneys' fees as may be allowable under the Agreement and applicable laws, and such other relief as the Court deems just and proper.

## COUNT IV
## ATTORNEY'S FEES AGAINST TEK AND YOW

47. Defendants incorporate the responses contained above in paragraphs 1-46 as though fully set forth herein.

48. Defendants respond that the Agreement's terms speak for themselves and deny the allegations of paragraph 48 of the Complaint to the extent that they do not accurately state the provisions of the Agreement.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint as untrue.

WHEREFORE Defendants request that this Honorable Court deny Plaintiffs any and all relief requested, enter Judgment against Plaintiffs and in favor of Defendants, including set offs against any claims by Plaintiffs for downward adjustments and/or refund of funds paid by Defendant Tek Mobile, Inc., order an accounting by Plaintiffs of the true current assets and current liabilities of FoneGear, LLC as of the Calculation Time, award Defendants damages in an amount equal to the amount of downward adjustment of the Estimated Purchase Price greater than $500,000, and any and all court costs, expenses and attorneys' fees as may be allowable under the Agreement and applicable laws, and such other relief as the Court deems just and proper.

## COUNT V
## IMDEMNIFICATION AGAISNT TEK AND YOW

50. Defendants incorporate the responses contained above in paragraphs 1-49 as though fully set forth herein.

51. Defendants respond that the Agreement's terms speak for themselves and deny the allegations of paragraph 51 of the Complaint to the extent that they do not accurately state the provisions of the Agreement.

52. Defendants admit the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint as untrue.

WHEREFORE Defendants request that this Honorable Court deny Plaintiffs any and all relief requested, enter Judgment against Plaintiffs and in favor of Defendants, including set offs against any claims by Plaintiffs for downward adjustments and/or refund of funds paid by Defendant Tek Mobile, Inc., order an accounting by Plaintiffs of the true current assets and current liabilities of FoneGear, LLC as of the Calculation Time, award Defendants damages in an amount equal to the amount of downward adjustment of the Estimated Purchase Price greater than $500,000, and any and all court costs, expenses and attorneys' fees as may be allowable under the Agreement and applicable laws, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        **THAV GROSS PC**

Date: August 17, 2018    By:   /s/Kenneth L. Gross
        **Kenneth L. Gross (P34734)**
        **Jeffrey B. Linden (P58007)**
        Attorneys for Defendants
        30150 Telegraph Road, Suite 444
        Bingham Farms, MI 48025
        Tel:    (248) 645-1700
        Fax:   (248) 645-8205
        Email:  kengross@thavgross.com
        Email:  jlinden@thavgross.com

## AFFIRMATIVE DEFENSES

Defendants by and through their attorneys, hereby assert the following Affirmative Defenses:

1. Plaintiffs' complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs' claims fail in whole or in part due to the lack of personal jurisdiction over one or more of the Defendants.

3. Plaintiffs' claims fail in whole or in part due to improper venue of this Court.

4. Plaintiffs' claims for unjust enrichment fail in whole or in part due to the existence of an express contract.

5. Plaintiffs' claims are barred in whole or in part by the doctrine of election of remedies and the existence of an express contract. Counts I, II, IV and V seek damages based on affirmance of contract. Count III is inconsistent therewith because it seeks damages based on disaffirmance of the contract involving the same subject matter. As such, Plaintiffs' quasi or implied contract claims are barred because there is an express contract on the same subject matter.

6. Plaintiffs' claims are barred in whole or part due to Plaintiffs' failure to mitigate their alleged damages.

7. Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule because the express contract is integrated and expressly rejects that any promises or

representations or any inducements exist that are not enumerated in the express contract document.

8. Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no damages because upon information and believe Defendants are entitled to a set off or money to be paid to Defendants by Plaintiffs under the Agreement.

9. Plaintiffs' claims are barred, in whole or in part, by operation of the applicable contract's exclusive remedy provisions limiting any recovery by Plaintiffs.

10. Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to provide proper notice as required by the Agreement.

11. Plaintiffs' claims are barred in whole or in part by Plaintiffs' fraud, misrepresentation or unclean hands in misrepresenting the assets and liabilities of FoneGear, LLC prior to closing and preventing Defendants meaningful access to FoneGear, LLC's systems, accounting system, inventory, books and records prior to closing.

12. Plaintiffs' claims fail in whole or in part because at all times relevant to this dispute, Defendants and their agents and employees acted in a reasonably prudent manner, under the facts and circumstances, and in keeping with all duties imposed by law or contract.

13. Plaintiffs' claims are barred or limited in whole or in part due to the express provisions of the contact.

14. Plaintiffs' claims fail in whole or in part due the failure of Plaintiffs to satisfy a material condition precedent or subsequent by failing to engage the contracts internal dispute resolution provisions.

15. Plaintiffs' claims fail in whole or in part because Defendants are entitled to set off of amounts alleged by a negative adjustment to the Estimated Purchase Price in the Agreement due to a substantially negative working capital valuation.

16. Defendants reserve the right to add additional affirmative defenses which may arise during the course of discovery.

**THAV GROSS PC**

Date: August 17, 2018        By: /s/Kenneth L. Gross
                                 **Kenneth L. Gross (P34734)**
                                 **Jeffrey B. Linden (P58007)**
                                 Attorneys for Defendants
                                 30150 Telegraph Road, Suite 444
                                 Bingham Farms, MI 48025
                                 Tel:     (248) 645-1700
                                 Fax:     (248) 645-8205
                                 Email:   kengross@thavgross.com
                                 Email:   jlinden@thavgross.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH D. EISENBRAUN, an Individual, and UNITED GLOBAL SOURCING, INC., a Michigan corporation,

    Plaintiffs,

vs.

TEK MOBILE, INC., a California corporation, and HONG LIP YOW, an Individual,

    Defendants.

Case No. 18-cv-12013-VAR
Hon. Victoria A. Roberts

| | |
|---|---|
| **Thomas M. Schehr (P54391)**<br>**Andrew J. Kolozsvary (P68885)**<br>DYKEMA GOSSETT PLLC<br>Attorneys for Plaintiffs<br>400 Renaissance Center, 37th Floor<br>Detroit, MI 48243<br>Tel:   (313) 568-6800 | **Kenneth L. Gross (P34734)**<br>**Jeffrey B. Linden (P58007)**<br>THAV GROSS PC<br>Attorneys for Defendants<br>30150 Telegraph Road, Ste. 444<br>Bingham Farms, MI 48025<br>Tel:   (248) 645-1700<br>Fax:  (248) 645-8205<br>Email:kengross@thavgross.com<br>Email:jlinden@thavgross.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, I electronically filed the following:

- *Defendants' Answer to Complaint and Affirmative Defenses*

1

2

and this *Certificate of Service* with the Clerk of the Court for the United States District Court for the Eastern District of Michigan, Southern Division, using the ECF filing system, which will be sent electronically to all counsel of record.

>I declare, under penalties of perjury, that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge and belief.
>
>*/s/Lori-Anne F. Wood*
>Lori-Anne F. Wood